The Memorandum Decision and Order below is hereby signed.  Dated: February 13, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DANIELLE N. BROWN, | ) | Case No. 07-00451 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| GAIL RUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 07-10033 |
| DANIELLE NICOLE BROWN (CLARK), | ) | |
| | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER RE
DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING

The defendant Brown, who is the debtor in the bankruptcy case within which this adversary proceeding is pursued, has moved to dismiss the plaintiff Rucker's complaint.[1]  Styled "Complaint Objecting to Discharge of Debt," the complaint alleges that

---

[1] The complaint in this proceeding refers to the plaintiffs as Gail Rucker and Merrill Jones, but the caption and subsequent papers name only Gail Rucker as the plaintiff.  As such, the court assumes that there is only one plaintiff, Gail Rucker.

jurisdiction is founded upon 11 U.S.C. § 727.  Section 727(a) deals with the grant to the debtor of a discharge, and sets forth grounds for objecting to the grant of a discharge.  The complaint contains four counts, each of which states that "the plaintiff objects to the discharge of the debt owed plaintiff."

The complaint appears to confuse two different concepts.  An objection to discharge, if successful, results in all of a debtor's debts not being discharged.  In contrast, a declaration that a particular debt is of a nondischargeable character under §523(a) leads to that debt being unaffected by the debtor's discharge.  The complaint's first three counts can be viewed as objecting under §727(a) to the debtor's being granted a discharge.  The last count can be viewed as seeking a declaration that the debt is of a nondischargeable character under § 523(a).

The complaint's allegations of fact must be accepted as true for purposes of ruling on the motion to dismiss.  By way of background, Rucker holds a claim against Brown, who, doing business as Whimsical Designs, entered into a contract with Rucker for contractor services to be rendered by Brown in redesigning and renovating real property owned by Rucker.  Brown held herself out as able to perform the work under the contract both competently and legally; however, she was not a licensed contractor.

I

Count One (Failure to Disclose Assets) alleges, first, that Brown failed to disclose certain assets and income. Specifically:

- Brown received $21,000 from Rucker that does not appear to have been reported on Brown's petition;
- Brown was employed but failed fully to disclose complete income information; and
- Brown failed to disclose on her bankruptcy petition that she owned two undisclosed real properties (specified by address in the complaint).[2]

Rucker thus "objects to the discharge of the debt owed [Rucker]." Under 11 U.S.C. § 727(a)(4)(A), the court may deny the debtor a discharge if the debtor **knowingly and fraudulently**, in or in connection with the case, **made a false oath or account**. Rucker's allegations fail to allege that the debtor **knowingly and fraudulently** failed to disclose information in connection with the case. Moreover, the petition did not call for the types of disclosures that allegedly were not included on the petition, and Rucker does not specify some other filing(s) or testimony by

---

[2] Brown has submitted evidence showing that the two properties were sold by her years before the filing of her bankruptcy petition. Rucker does not dispute that the sales occurred, but does not clearly admit this. She should not renew the claims of non-disclosure of ownership on the petition date of the two properties if she has no basis under the standards of Fed. R. Bankr. P. 9011(a) to assert that the debtor owned the properties when she filed her petition.

3

Brown in which she failed to make the alleged disclosures. Finally, Rucker does not point to a **false oath** (that is, a document or testimony under oath) or a **false account** relating to such non-disclosures.  In the case of the alleged failure to fully disclose complete income information, the allegations fail to specify what income was not disclosed.

Count One alleges, second, that Brown held various real properties jointly with her husband and conveyed them to him without adequate reason or explanation.  Again, based on this allegation, Rucker "objects to the discharge of the debt owed [Rucker]."  Although certain transfers can give rise to a denial of discharge pursuant to § 727(a)(2), such transfers:

- must have been made "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under [the Bankruptcy Code]," and

- in the case of a prepetition transfer, must have been made "within one year before the date of the filing of the petition."

Count One thus fails to state a claim upon which relief can be granted under § 727(a)(2) or (4).  The court will grant Rucker 14 days within which to file an amended complaint attempting to state proper claims under §727(a)(2) and (4).

II

Count Two (Failure to Protect Assets) alleges that Brown "made certain conveyances of real property without paying their debts or protecting the assets from those conveyances."  As in the case of the allegations in Count One regarding transfers to Brown's husband, these allegations do not come close to stating a basis for denying a discharge under § 727(a)(2).  Rucker will be granted 14 days to amend Count Two.

                                    III

Count Three alleges that Brown "failed to maintain a bank account or business records in the name of Whimsical Designs," although "[a]t all times relevant to the filing of the bankruptcy petition, [Brown] was required to maintain books and business records regarding her enterprise."  Under § 727(a)(3), the court must deny the debtor a discharge if:

> the debtor has . . . failed to keep or preserve any
> recorded information, including books, documents,
> records, and papers, from which the debtor's financial
> condition or business transactions might be
> ascertained, unless such act or failure to act was
> justified under all of the circumstances of the case.

Count Three fails to state a claim under § 727(a)(3).  If Brown kept other records from which her financial condition and business transactions could be ascertained, it would not matter that she did not keep a bank account or business records in the name of Whimsical Designs.  For example, if she ran the business through her personal bank account, and her checkbook register and deposit receipts accurately reflect income and expenses, that

might suffice to permit ascertainment of her financial condition and business transactions.

There is no allegation that the failure to maintain records was "not justified under all of the circumstances of the case." However, case law suggests that this prong of § 727(a)(3) is one on which the debtor bears the burden of proof, and I defer deciding whether a complaint fails to pass muster under § 727(a)(3) when it fails to allege that prong of the provision. It may be that a complaint must allege that prong of § 727(a)(3), but that a plaintiff at trial establishes a prima facie case regarding that prong if the record contains no evidence showing circumstances justifying the failure (the consequence being that a plaintiff may be deemed to have established that prong even if there is no evidence whatsoever regarding the circumstances).

Count Three must be dismissed, but, again, I will give Rucker 14 days to file an amended complaint.

IV

Count Four incorporates the allegation that Brown held herself out as able to perform the work under the contract both competently **and legally**, but that she was not a licensed contractor. It then alleges that Rucker sued Brown in the Superior Court of the District of Columbia for breach of contract, and obtained a grant of a motion for summary judgment. These allegations fail to plead a claim for nondischargeability

under 11 U.S.C. § 523(a)(2) (making nondischargeable, as relevant here, any debt "for money [or] property . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition."

First, although Brown's representations may have been false, there is no allegation that they were made with an intent to deceive.  For all we know, Brown in good faith believed she was competent and free under the law to perform the work.

Second, there is no allegation that Rucker justifiably relied on those misrepresentations.  For all we know, Rucker became aware that there were misrepresentations before she entered into the contract, but elected to proceed because the contract price was quite low.

Third, there is no allegation that the alleged misrepresentation proximately caused the damages at issue and gave rise to the debt.  If the damages proximately arose from some other cause than the misrepresentation, the debt could not be deemed to be one arising from property obtained by fraud.  As this court explained in <u>Davis v. Melcher (In re Melcher)</u>, 319 B.R. 761, 773-74 (Bankr. D.D.C. 2004):

> Only debts proximately arising from the obtaining of property by fraud are nondischargeable under § 523(a)(2)(A). <u>United States v. Spicer</u>, 57 F.3d 1152, 1157 (D.C. Cir. 1995), <u>cert. denied</u>, 516 U.S. 1043, 116 S.Ct. 701, 133 L.Ed.2d 658 (1996).  It is not enough to show that false representations were made; [the

7

plaintiff] must also show that her damage flowed directly from the misrepresentations. McCrory v. Spigel (In re Spigel), 260 F.3d 27 (1st Cir. 2001). . . .

As the court of appeals observed in Spicer, 57 F.3d at 1157:
> Proximate causation-loss or damage to the creditor "as a proximate result of" the debtor's misrepresentation-is an element that must be proved in order to establish nondischargeability under § 523(a)(2)(A). [Citations omitted.] And in general, the causation element in fraud cases demands more than mere "but-for" causation. See Greenberg v. de Tessieres, 902 F.2d 1002, 1004 (D.C. Cir. 1990) ("but-for" causation is not sufficient to establish common law fraud); In re Hibbs, 568 F.2d 347 (3d Cir. 1977) ("but-for" causation is not sufficient to establish claim under False Claims Act); Restatement (Second) of Torts § 548A (1977) (to establish fraud, fraudulent act must be a "substantial cause" of victim's loss).

See also Archer v. Warner, 538 U.S. 314, 325-26, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003) (Thomas, J., joined by Stevens, J., dissenting) (for § 523(a)(2)(A) to apply, the creditor's loss must be proximately traceable to the fraudulent act, and superseding independent causes can sever any causal nexus even if there was some remote connection between the injury and the loss). As Spicer and subsequent decisions, including Field v. Mans, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), make clear, it is appropriate to look to the Restatement (Second) of Torts (1976) (cited hereinafter as "Restatement") in determining what proximate cause entails. Proximate cause requires both causation in fact (but-for causation) and legal causation. See, e.g., Shaw v. Santos (In re Santos), 304 B.R. 639, 669-70 (Bankr. D.N.J. 2004):

> "If the misrepresentation has in fact induced the recipient to enter into the transaction, there is causation in fact of the loss suffered in the transaction.... [T]he plaintiff must have relied upon the misrepresentation in incurring the loss." RESTATEMENT § 546 cmt. a and b.  Causation in

8

>fact can be established through evidence demonstrating that the debtor's false statements induced the creditor to enter into an agreement with the debtor for his services and that the misrepresentation was a substantial factor in influencing the creditor's decision. [Gem Ravioli, Inc. v. Creta (In re Creta), 271 B.R. 214, 219 (1st Cir. BAP 2002)].
>By contrast to factual causation, "[m]isrepresentation is a legal cause only of those pecuniary losses that are within the foreseeable risk of harm that it creates.... This means that the matter misrepresented must be considered in the light of its tendency to cause those losses and the likelihood that they will follow." RESTATEMENT § 548A cmt. a and b.  Legal causation can be established through evidence showing that the creditor's loss could reasonably have been expected to result from its reliance on the debtor's misrepresentation.  Gem Ravioli, 271 B.R. at 221.

As stated in District of Columbia v. Harris, 770 A.2d 82, 92 (D.C. 2001):

>Proximate cause is "that cause, which in natural and continued sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred."  Lacy v. District of Columbia, 424 A.2d 317, 320 (D.C.1980) (internal quotation omitted).  The "defendant need not have foreseen the precise injury, nor should [he] have had notice of the particular method in which a harm would occur, if the possibility of harm was clear to the ordinary prudent eye."  Spar v. Obwoya, 369 A.2d 173, 177 (D.C. 1977) (citing Kendall v. Gore, 98 U.S.App. D.C. 378, 387, 236 F.2d 673, 682 (1956)).

In Davis v. Melcher, 319 B.R. at 775, the court discussed cases in which a debtor fraudulently induces a creditor to enter into a

9

contract to provide the debtor professional services based on a fraudulent representation regarding the debtor's holding the necessary professional license to provide the services, observing:

> In those cases, the debtor obtained a contract by false representations that were of importance to the plaintiff's entering into the contract, and his debt for damages arising from procuring that contract rightfully are nondischargeable. See In re Creta, 271 B.R. 214, 220 (1st Cir. BAP 2002). See also Lee-Benner v. Gergely (In re Gergely), 110 F.3d 1448, 1453 (9th Cir. 1997). . . . The Melchers may have a fraud claim against Frolia for misrepresenting to them throughout the construction that he was a licensed contractor, but that is because Frolia obtained something from them, a contract on which they made payments, and thus any harm to them is a direct consequence of his obtaining the contract by fraud (unless negligent performance was not a foreseeable consequence of his false representation that he was licensed). [Footnote omitted.]

As this court further explained in Stello v. Aikin (In re Aikin), No. 07-10017, 2007 WL 3305364, at *4 (Bankr. D.D.C. Nov. 5, 2007):

> for purposes of evaluating whether a link of proximate causation has been adequately alleged between any fraud and the benefits allegedly obtained by the defendant, . . . the plaintiffs' allegation that the contract itself would not have been entered into but for the defendant's alleged fraud (once fraud is adequately pled) might satisfy the causation requirement of a claim asserted under § 523(a)(2)(A) as to **damages proximately caused by the fraud of procuring the contract**. See In re Creta, 271 B.R. 214, 220 (1st Cir. BAP 2002) (debtor obtained a contract by false representations that were of importance to the plaintiff's entering into the contract and of essence to the performance of the contract, and his debt for damages arising from procuring that contract were nondischargeable); Lee-Benner v. Gergely (In re Gergely), 110 F.3d 1448, 1453 (9th Cir. 1997); Kendrick

10

> v. Pleasants (In re Pleasants), 231 B.R. 893 (Bankr. E.D. Va. 1999) (debtor misrepresented that he was an architect); Kadlecek v. Ferguson (In re Ferguson), 222 B.R. 576, 585-86 (Bankr. N.D. Ill. 1998). [Emphasis added; footnote omitted.]

In the footnote to that text, the court added:

> However, if any damages suffered by the plaintiffs were not a reasonably foreseeable consequence of the false representations, the debt owed by the debtor could not be said to be a debt for property obtained by fraud. Compare Parker v. Grant (In re Grant), 237 B.R. 97, 119 (Bankr. E.D. Va. 1999) (false representation that debtor was married, relied upon by landlord in entering into lease with debtor, could not reasonably have been expected to result in the debt for nonpayment of rent) with McCain v. Fuselier (In re Fuselier), 211 B.R. 540 (Bankr. W.D. La. 1997) (false representations that the debtor-contractor was a licensed contractor, and that payments made by the homeowners to him would be used for the costs of construction); McDaniel v. Border (In re McDaniel), 181 B.R. 883 (Bankr. S.D. Tex. 1994); Peterson v. Bozzano (In re Bozzano), 173 B.R. 990 (Bankr. M.D.N.C. 1994); Bottari v. Baiata (In re Baiata), 12 B.R. 813, 820 (Bankr. E.D.N.Y. 1981).

Stello v. Aikin, No. 07-10017, 2007 WL 3305364, at *4, n.4. Here, we have no allegation that Rucker entered into the contract based on the false representation, thereby giving rise to Brown's obtaining property (the contract and consideration paid by Rucker under the contract), and that the debt related thereto is based on damages proximately traceable to that misrepresentation (that is, damages that were a foreseeable consequence).

Although Count Four fails to state a claim upon which relief can be granted, the court will give Rucker 14 days to file an amended complaint.

V

The adversary proceeding file includes no address for Rucker.  The attorney who filed the complaint, Janai C. Reed, has withdrawn her appearance.  The mailing matrix in the main case reflects an address for Rucker care of another attorney, and that address will be used for purposes of transmitting this Memorandum Decision and Order.  However, the court will also send this Memorandum Decision and Order to Reed with a separate order directing by February 20, 2008, she (1) mail a copy of this Memorandum Decision and Order to Rucker, and (2) file a certificate of mailing of the same reflecting the current address for Rucker.  Because Rucker may not actually receive the Memorandum Decision and Order until Reed mails it to her, the 14-day period for Rucker to file an amended complaint shall run from February 20, 2008, thus making any amended complaint due by March 5, 2008.

                                VI

   In accordance with the foregoing, it is

   ORDERED that by March 5, 2008, the plaintiff Rucker may file an amended complaint.  It is further

   ORDERED that if she fails by March 5, 2008, to file an amended complaint, the court will dismiss this adversary proceeding with prejudice on the basis that the complaint fails to state a claim upon which relief can be granted.

                                [Signed and dated above.]

Copies to:

Gail Rucker
c/o Elizabeth Menist, Esq.
700 E Street, SE
Washington, DC 20003

Janai C. Reed, Esq.

Harris S. Ammerman, Esq.